UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SAMUEL ACEVEDO, et al.,

                                      Petitioners,                        20-CV-07361 (CM)(SN)

      -against-                                                    **ORDER**

MICHAEL CAPRA,

                                      Respondent.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      On September 9, 2020, Petitioners—a group of 19 individuals detained in New York State prisons—filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Two of those petitioners—A.A. and B.B.—moved to proceed under pseudonym. ECF No. 3. The motion is GRANTED.

## BACKGROUND

      Petitioners A.A. and B.B. have petitioned the Court for temporary release from state prison due to the risk of severe illness or death if they were to contract COVID-19. See ECF No. 1. As of December 2020, A.A. was detained at Sing Sing Correctional Facility, see ECF No. 1; B.B. had been transferred to Great Meadow Correctional Facility in July 2020, ECF No. 13 at 3 n.9.[1][2] Both A.A. and B.B. are HIV positive, and it is because of their HIV status that they seek to proceed in this litigation anonymously. ECF No. 1 at ¶¶ 67, 76; ECF No. 3. Respondent does

---

[1] Whether B.B.'s claims should be included in this action will be addressed in the Court's report and recommendation on Respondent's Motion to Dismiss the Petition. See ECF No. 13 (Respondent's motion).
[2] Page number refers to the page number listed on the memorandum of law.

not oppose the applications of A.A. and B.B. to proceed under pseudonym. See ECF No. 13 at 1 n.1.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 10(a), "[t]he title of [a] complaint must name all the parties." This Rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188–89 (2d Cir. 2008). Proceeding under pseudonym "runs afoul of the public's common law right of access to judicial proceedings," which is grounded in the First Amendment. Doe v. Del Rio, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (citation and internal quotation marks omitted). Accordingly, courts "begin with a presumption against anonymous or pseudonymous pleading." Id.

Nevertheless, there are certain circumstances which warrant "exceptions to the general requirement of disclosure." Sealed Plaintiff, 537 F.3d at 189 (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001)). When determining whether a party should be permitted to proceed anonymously, a court weighs the party's "interest in anonymity . . . against both the public interest in disclosure and any prejudice to the" opposing party. Id. at 189. In those circumstances, a court must consider multiple non-exhaustive factors, including:

1. whether the litigation involves matters that are highly sensitive and of a personal nature;
2. whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
3. whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his or her age;

5. whether the suit is challenging the actions of the government or that of private parties;
6. whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
7. whether the plaintiff's identity has thus far been kept confidential;
8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;
9. whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Doe v. Barr, 479 F. Supp. 3d 20, 25–26 (S.D.N.Y. 2020); see Sealed Plaintiff, 537 F.3d at 190. A court need not apply any specific formulation of these factors as long as it balances the competing interests at stake. Doe, 479 F. Supp. 3d at 26.

Application of these factors firmly favors granting Petitioners' request to proceed under pseudonym. Petitioners' HIV status is certainly personal and highly sensitive. See id. at 26 (granting the petitioner's request to proceed under pseudonym when, among other factors, the habeas corpus petition noted his HIV status). In addition, Petitioners' identification in correlation with their HIV status carries a risk of harm. See W.G.A. v. Priority Pharmacy, Inc., 184 F.R.D. 616, 617 (E.D. Mo. 1999) ("It is understandable that plaintiff does not wish to be publicly identified as an individual with AIDS, which is a personal matter of the utmost intimacy. Persons with AIDS may be subjected to discrimination in the workplace, schools, social settings and public accommodations."). These petitioners also proceeded under pseudonym in the prior state court proceedings though, as Petitioners note, the state court did not rule on their applications to remain anonymous. See ECF No. 3 at 2. Further, Respondent is not prejudiced by not knowing the identities of A.A. and B.B.

Accordingly, I find that the balance of factors weighs in these Petitioners' favor, and they are permitted to proceed under pseudonym.

## CONCLUSION

Petitioners A.A. and B.B. may proceed anonymously. The Clerk of Court is respectfully directed to grant the motion at ECF No. 3.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: March 8, 2021
       New York, New York