# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────────────────── x

SAMUEL ACEVEDO, et al.,

                              Petitioners,

       -against-                                        20-cv-07361 (CM)(SN)

MICHAEL CAPRA,

                              Respondent.

─────────────────────────────────────────── x

## RESPONSE TO LETTER REQUESTING DIRECTION IN CONNECTION WITH A POSSIBLE INTERLOCUTORY APPEAL

McMahon, J.:

    On June 23, 2021, the Court entered a decision and order dismissing the present petition for habeas corpus under 28 U.S.C. § 2254 "without prejudice to repleading the allegations under the correct statute." (Dkt. 26.) On June 25, the Court received a letter from Petitioners asking the court to certify the dismissal of the petition for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

    I apologize for having used confusing language in my opinion. It was my intention to dismiss the case without prejudice, so that the plaintiffs could decide how they wanted to proceed – either take an immediate appeal or bring a new action under what this court believes to be the correct statute.[1] From such an order, which is a final decision per 28 U.S.C. § 1291, an immediate appeal lies. *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 220 (2d Cir. 2006).

    Despite the fact that there is no mention in my decision and order of the word "amend," I now appreciate that what I wrote could be read as dismissing with leave to amend, which is not a final order. So let me clear up any confusion.

---

[1] There are new and different impediments to filings under Section 1983 and the P.L.R.A. – There include not only entirely different exhaustion requirements, but, in this district, a requirement that each prisoner plaintiff file his/her own action and pay his/her own filing fee; we do not allow a large number of individuals to bring conditions of confinement cases under a single caption and with the payment of a single filing fee, as this would vitiate Congress' stated intention to require prisoners bringing suit under the P.L.R.A. to pay a full filing fee. *See Miller v. Annucci*, No. 18-CV-37 (CM) (S.D.N.Y. Feb. 27, 2018); *see also Hagan v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001), *cert. denied sub nom. Hubbard v. Hopper*, 534 U.S. 1136 (2002). I thus quite deliberately did not use the word "amend" or explicitly grant leave to amend in the original decision and order dismissing the complaint.

I hereby amend the decision and order dated June 23, 2021 (dkt. 26) by adding the following language to the conclusion of the opinion: The Clerk of Court is hereby directed to dismiss the petition without prejudice and to close the file.

Dated: June 29, 2021
New York, NY

_____
U.S.D.J.

BY ECF TO COUNSEL FOR PETITIONRS